CATALANO LAW
RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 Kings Highway South, Suite 4A
Cherry Hill, NJ  08034
T: (856) 281-9860
F: (856) 281-9859
Email: rcatalano@catalanolaw.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY MAYES<br><br>                               Plaintiff,<br><br>vs.<br><br>COUNTY OF BURLINGTON, WARDEN MATTHEW LEITH, BURLINGTON COUNTY DEPARTMENT OF CORRECTIONS, JANE DOE NURSE 1, JANE DOE NURSE 2, LIEUTENANT GLUSCAN, OFFICER BARNES, OFFICER HARGROVE, JOHN DOES 1-25 (fictitious names) and JOHN DOES 26-50 (fictitious names), Jointly, severally and/or in the alternative<br><br>                               Defendants. | CIVIL ACTION NO.:<br><br>COMPLAINT |

Plaintiff, Jeffrey Mayes, residing in the Borough of Willingsboro, County of Burlington and State of New Jersey, by way of Complaint says:

## COUNT ONE
(Jurisdiction and Venue)

1. Plaintiff, Jeffrey Mayes, brings this action against defendants to recover damages for deprivation and violation of rights secured to him by the Eighth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983 and by the New Jersey Constitution.

1

2. Plaintiff seeks redress for defendants' violation of his Eighth Amendment rights against cruel and unusual punishment and his Fourteenth Amendment rights to due process of law; for the violation of his rights provided by 42 U.S.C. § 1983.

3. This court has jurisdiction over this action under 38 U.S.C. § 1331 and 1343 (a) for violation of constitutional rights as provided in 42 U.S.C. § 1983. Plaintiff seeks monetary damages as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Plaintiff also invokes the supplemental jurisdiction of this court over his state law claim against defendants pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy.

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the initial acts complained of occurred in the City of Mount Holly, County of Burlington and State of New Jersey.

WHEREFORE, plaintiff, Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT TWO
(Parties)

6. At all relevant times alleged herein, plaintiff was and is a citizen of the United States of America and the State of New Jersey, residing in the City of Willingboro, County of Burlington.

7. At all relevant times alleged herein, defendants, County of Burlington, Burlington County Department of Corrections was the employer of the individual defendants and bodies politic of the State of New Jersey, and as such, were responsible for the institutionalized policies and practices of the Corrections Department, had disciplinary control over subordinate members of its Corrections Department, and had the

2

authority and responsibility to prevent ongoing violations of constitutional and common law rights by members of its Corrections Department.

8. At all times alleged herein, defendants, County of Burlington, Burlington County Department of Corrections, was the employer of the individual defendants and had both the authority and the responsibility to prohibit institutionalized policies and practices of its Corrections Department which fostered, permitted or acquiesced in violations of the constitutional rights of inmates including plaintiff, Jeffrey Mayes.

9. At all times material hereto, defendants, Jane Doe Nurse 1 and Jane Doe Nurse 2, were employees of the defendant, County of Burlington and the Burlington County Department of Corrections and were acting in such capacity and under color of state law.

10. At all times material hereto, defendants, Lieutenant Gluscan, Officer Barnes and Officer Hargrove, were employees of the defendant, County of Burlington and the Burlington County Department of Corrections and were acting in such capacity and under color of state law.

11. At all relevant times, defendant John Does 1-25 (fictitious names), were individuals employed by the County of Burlington and the Burlington County Department of Corrections, who were acting in such capacity and under color of state law. These defendants are fictitious names for individuals and/or whose identities are currently unknown to plaintiff, but expect to be ascertained in discovery.

12. At all relevant times, defendant John Does 26-50 (fictitious names), were individuals employed by the County of Burlington and the Burlington County Department of Corrections, who may have been responsible for the actions or inactions of the other defendants and were acting in such capacity and under color of state law. These defendants are fictitious names for individuals whose identities are currently unknown to plaintiff, but expect to be ascertained in discovery.

13. At all relevant times, all named defendants are being viewed in their individual and

official capacity. Defendants, Jane Doe Nurse 1 and Jane Doe Nurse 2 were employed at the time by the defendant as nurses or nurse practitioners at the facility, Officer Hargrove, Lieutenant Gluscan and Officer Barnes and John Does 1-25 were, at the time, correction officers employed by defendant, County of Burlington and the Burlington County Department of Corrections, and were acting in such capacity and under color of state law. They are being sued in both their official and individual capacities.

WHEREFORE, plaintiff, Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 1, Lieutenant Gluscan, Officer Barnes, Officer Hargrove, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT THREE
(Facts)

14. On or about May 15, 2019, plaintiff Jeffrey Mayes began a nine-month sentence for possession of drugs as an inmate at the Burlington County Department of Corrections.

15. On June 8, 2019 between the hours of 9:00 p.m. and 11:00 p.m., plaintiff complained to defendant Officer Hargrove that he was experiencing chest pains.

16. Defendant Officer Hargrove stated to the plaintiff that he could not open the door unless his supervisor was present.

17. Defendant Officer Hargrove did not return with his supervisor.

18. Plaintiff then heard the female nurse, defendant Jane Doe Nurse 1 on the floor and told her that he needed to see her for chest pains.

19. Defendant Jane Doe Nurse 1 responded to the plaintiff that he needed to "drop a slip" before

she could see him.

20. Plaintiff was unable to "drop a slip" since he was locked in his cell for the night.

21. Plaintiff continued in his efforts to get help and began screaming to defendant Officer Hargrove that he was still having chest pains and needed immediate help.

22. Defendant Officer Hargrove continued to convey to plaintiff that he could not open the door without his supervisor present. Defendant Officer Hargrove did not return or respond again.

23. Plaintiff wound up falling asleep for approximately 2-3 hours and then stayed up until breakfast the next morning which was now June 9, 2019.

24. After breakfast at approximately 6:00 a.m., the plaintiff waits for Officer Barnes who was then on duty and told him what transpired the evening before.

25. Defendant Officer Barnes told plaintiff to "drop a slip" which plaintiff did and he would take it to the nurse.

26. Defendant Officer Barnes later informed plaintiff that he gave the slip to the infirmary clinic at approximately 10:00 a.m.

27. Plaintiff still did not hear anything more about his request to see the nurse until about 6:00 p.m. still on June 9, 2019 when defendant Lieutenant Gluscan walks by and the plaintiff tells him what was going on.

28. Defendant Lieutenant Gluscan seemed surprised and said that while he could not give the clinic orders, he would go over there and recommend that plaintiff be seen.

29. The plaintiff heard nothing further that evening and went to bed about 8:30 p.m. still with chest pains.

30. The following morning, which is now June 10, 2019, plaintiff wakes up and attends breakfast and is feeling nauseous.

31. The plaintiff is then locked back in his cell and that is the last thing he recalls.

32. Apparently plaintiff suffered a heart attack in his cell and next woke up outside of his cell where he was about to be transported by EMTs to Virtua Hospital in Mt. Holly.

33. It was subsequently learned that plaintiff had flatlined in his cell and defendant Jane Doe Nurse 2, a nurse practitioner, had revived him by use of paddles.

34. Plaintiff was revived a second time and a third time outside of his cell by the EMTs by use of paddles.

35. While at Virtua ER, plaintiff flatlined a fourth time and was revived at which time he was informed that Virtua was not equipped to treat him and he was then transported to Deborah Heart and Lung Center in Browns Mills, New Jersey.

36. Plaintiff was admitted at Deborah Heart and Lung Center for four (4) days during which time he had a pacemaker surgically implanted into his chest.

37. The cardiologist told plaintiff that he should have been given an EKG to determine what was wrong with his heart when he was originally complaining of chest pains.

38. Nearly 2 days elapsed from when plaintiff first complained to defendant Officer Hargrove until he was admitted to Deborah Heart and Lung Center.

39. In addition to having the pacemaker surgically implanted which is permanent, he sustained an irregular heartbeat and fractures to his sternum and left ribs from the compressions used to revive him.

WHEREFORE, plaintiff Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT FOUR

(Eighth Amendment Violations)

40. Plaintiff, Jeffrey Mayes, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

41. The actions of the aforementioned defendants, jointly severally or in the alternative, constituted under the circumstances cruel and unusual punishment wherein the Defendants knew or should have known that plaintiff was complaining of chest pains and there was the risk of serious injury or death when they failed to provide him with any medical treatment whatsoever.

42. Defendants' actions constituted a violation of Plaintiff's Federal and State Constitutional rights against cruel and unusual punishment and failure to provide medical care and treatment.

43. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Jeffrey Mayes, sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

### COUNT FIVE
(Fourteenth Amendment Violations)

44. Plaintiff, Jeffrey Mayes, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

45. The actions of the aforesaid defendants, jointly, severally or in the alternative, constituted

under the circumstances a failure to protect the plaintiff afforded by the Fourteenth Amendment of the U.S. Constitution.

46. Defendants also violated plaintiff's Due Process rights under the Fourteenth Amendment in that he was subjected to the risk of losing his life and/or liberty.

47. Defendants knew or should have known that there was a risk of serious injury or death when they failed to provide him with any type of medical treatment after he was complaining of chest pains for more than 36 hours with no realistic response or care.

48. Defendant's actions or failure to act constituted a violation of plaintiff's Fourteenth Amendment rights as well as his New Jersey State Constitutional rights against such behavior.

49. As a direct and proximate result of the actions of the aforesaid defendants, plaintiff Jeffrey Mayes sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT SIX
(42 U.S.C. Section 1983 Liability)

50. Plaintiff, Jeffrey Mayes, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

51. The institutional defendants are also liable under Monell v. N.Y.C. Dept of Social

8

Services, 436 U.S. 658 (1978) for having in place a policy or procedure which precludes a corrections officer from rendering assistance to an inmate without his supervisor being present.

52. This policy prevented plaintiff from obtaining the medical care he required for his ongoing chest pains.

53. Even after plaintiff advised defendant Lieutenant Gluscan that he was having chest pains for multiple hours, Defendant Lieutenant Gluscan stated that he could not order the nurse to attend to the inmate.

54. Defendant's County of Burlington, Burlington County City, Department of Corrections and defendant Warden Matthew Leith promulgated, adhered to and/or enforced a policy which precluded corrections officers from opening the door to an inmate's cell without a supervisor being present. This policy led to plaintiff not being provided with the proper attention and care when he was complaining of chest pains for an unreasonable length of time.

55. As a direct and proximate result of the actions of the aforesaid defendants, plaintiff Jeffrey Mayes sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove, and John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT SEVEN
(Violation of New Jersey Civil Rights)

56. Plaintiff, Jeffrey Mayes, hereby incorporates the contents of all previous paragraphs as it set forth at length herein.

57. The actions of the aforesaid Defendants constituted a violation of Plaintiff's rights under the New Jersey Civil Rights Act.

58. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Jeffrey Mayes, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

59. In addition, and pursuant to N.J.S.A 10:6-2, Plaintiff, Jeffrey Mayes, is entitled to attorney fees and costs in connection with the claims asserted herein.

WEHREFORE, plaintiff Jeffrey Mayes, demands judgment for compensatory and punitive damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove and John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT EIGHT
(Negligence)

60.. Plaintiff, Jeffrey Mayes, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

61. Defendants owed a duty of ordinary care to the Plaintiff, Jeffrey Mayes, and Defendants breached said duty under the circumstances.

62. In the event the Defendants actions are found not to have been willful or intentional, then Plaintiff, Jeffrey Mayes, asserts that said actions constituted ordinary negligence under the common law of the State of New Jersey.

63. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Jeffrey Mayes, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WEHREFORE, plaintiff Jeffrey Mayes, demands judgment for compensatory damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove and John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT NINE
(State Law Torts)

64. Plaintiff, Jeffrey Mayes, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

65. Defendants, while acting in the course and scope of their authority, wrongfully and unlawfully forced the Plaintiff, Jeffrey Mayes, into a situation where he was subjected to a serious medical issue.

66. Said actions constituted intentional torts under New Jersey State Law.

67. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Jeffrey Mayes, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WEHREFORE, plaintiff Jeffrey Mayes, demands judgment for compensatory damages against defendants, County of Burlington, Warden Matthew Leith, Burlington County Department of Corrections, Jane Doe Nurse 1, Jane Doe Nurse 2, Lieutenant Gluscan, Officer Barnes, Officer Hargrove and John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

_____
RANDY P. CATALANO, ESQUIRE
Attorney for Plaintiff

Dated: 6/4/21

## JURY DEMAND

Plaintiffs hereby demands a jury trial as to all issues.

_____
RANDY P. CATALANO, ESQUIRE
Attorney for Plaintiff

Dated: 6/4/21